UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ASAHEL MULLINS                                       CIVIL ACTION NO.

VERSUS                                                     20-76-SDD-EWD

AXIS SURPLUS INSURANCE
COMPANY AND LDG MULTI
FAMILY LLC D/B/A MALLARD
CROSSING APARTMENTS

## NOTICE AND ORDER

This is a civil action involving claims for damages asserted by Asahel Mullins ("Plaintiff") based upon the injuries she allegedly sustained on December 28, 2018 due to a tripping hazard she claims existed in the breezeway/stairway of her apartment complex located in East Baton Rouge Parish, Louisiana (the "Accident").[1] On December 23, 2019, Plaintiff filed her Petition for Damages ("Petition") against "LDG Multi Family, LLC d/b/a Mallard Crossing Apartments" ("LDG"), the owner and/or operator of the apartment complex, and Axis Surplus Insurance Company ("Axis") (collectively, "Defendants").[2] Plaintiff alleges that she suffered personal injuries as a result of the Accident which were caused by the negligence of Defendants.[3] On February 7, 2020, the matter was removed to this Court by Mallard Crossings LP ("Mallard Crossings"), alleging that this Court has diversity jurisdiction under 28 U.S.C. § 1332.[4] Mallard Crossings contends that it, and not LDG, is the correct Defendant.[5] Proper information regarding the citizenship of all parties, and the amount in controversy, is necessary to establish the Court's

---

[1] R. Doc. 1-1, ¶¶ 3-4.
[2] R. Doc. 1-1, ¶¶ 1, 3.
[3] R. Doc. 1-1, ¶ 6.
[4] R. Doc. 1, introductory paragraph and ¶ IV. Defendant Axis has consented to removal. R. Doc. 1-4.
[5] R. Doc. 1, introductory paragraph and ¶ III. From the pleadings and correspondence in the record, it appears that LDG initially answered the Petition and transmitted correspondence containing a binding stipulation to Plaintiff. *See* R. Docs. 1-3 and 1-11. Mallard Crossings avers that it received service. (R. Doc. 1, ¶ III and R. Doc. 1-9, p. 2)

diversity jurisdiction under 28 U.S.C. § 1332. However, it is not clear that complete diversity exists because the citizenship and amount in controversy allegations are deficient.

*Mallard Crossings as a Defendant versus LDG*

In its Notice of Removal, Mallard Crossings alleges that it is "a citizen of Kentucky, Delaware, and Massachusetts as its members and partners are each citizens of Kentucky, Delaware, and/or Massachusetts."[6] Mallard Crossings' allegations as to its own citizenship are deficient, as discussed below. Moreover, Mallard Crossings is not currently a named defendant in this suit, and the Notice of Removal fails to allege the citizenship of the presently-named Defendant, LDG.

28 U.S.C. § 1441(a) provides that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending."[7] In an unpublished opinion, the Fifth Circuit has stated that "[u]nder 28 U.S.C. § 1441(a), only a defendant may remove a civil action from state court to federal court. A non-party, even one that claims to be a real party in interest, lacks the authority to institute removal proceedings."[8] However, courts in this Circuit have permitted cases to proceed notwithstanding removal by a party who is not named where the parties agree the removing party is misnamed (*i.e.*, the removing party is the intended defendant) and "the Court would not be manufacturing diversity jurisdiction based on inserting defendants into or dismissing them from a case."[9]

---

[6] R. Doc. 1, ¶ IV (2).
[7] Emphasis added.
[8] *De Jongh v. State Farm Lloyds*, 555 Fed. Appx. 435, 437 (5th Cir. 2014) (citations omitted).
[9] *Lefort v. Entergy Corp.*, No. 15-1245, 2015 WL 4937906, at *3 (E.D. La. Aug. 18, 2015).

To the extent LDG (*i.e.*, the named defendant) is also diverse from Plaintiff, the question of which party is the proper defendant does not affect this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (*i.e.*, the *de facto* substitution of Mallard Crossings in the place of LDG – to the extent such substitution would be proper – would not result in the manufacturing of diversity in contravention of *De Jongh*).[10]

*Citizenship of Mallard Crossings and LDG*

Citizenship has been properly alleged as to Plaintiff and Defendant Axis in the Notice of Removal.[11] However, it is not clear that the parties are diverse because citizenship has not been

---

[10] The *De Jongh* Court separated the procedural question of whether the removing entity had authority to remove from whether the court had subject matter jurisdiction. *De Jongh*, 555 Fed. Appx. at 438, 39 ("State Farm never properly became a defendant and therefore lacked the authority to remove this action to federal court; moreover, the district court lacked subject matter jurisdiction because each of the proper parties to this action – Jongh, Lloyds, and Johnson – are Texas residents.") and n. 5 ("State Farm contends that, to the extent it erred in improperly removing the case to federal court as a non-party, such error is, at worst, a 'procedural defect' that Jongh waived when she failed to move for remand within thirty days of removal. We disagree. State Farm's removal of this case did not transform it into a party to the case. Thus, even if we overlook the impropriety of State Farm removing, when we analyze the parties to the case for diversity, we find all Texas citizens, such that we lack diversity jurisdiction."). Although the Fifth Circuit has not directly ruled on the question of whether removal by a non-party is a procedural defect that can be waived, it has indicated that such a position is "plausible." *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 2009 WL 1370914, 328 Fed. Appx. 946, 948 and n. 1 (5th Cir. May 18, 2009) (per curium) (noting that "[i]n this Circuit, any objection to removal that does not involve whether the action could have originally been brought in federal district court is a procedural error that may be waived by a litigant's failure to object to removal within the 30-day period provided in § 1447(c), rather than a lack of subject matter jurisdiction."). One district court in this Circuit has disagreed that *De Jongh* allows a distinction between the question of subject matter jurisdiction and authority to remove. *See Griffin v. Walmart, Inc.*, No. 18-430, 2018 WL 2389750, at **3-4 (N.D. Tex. May 25, 2018) (relying on *De Jongh*'s "broad language" that a non-party lacks authority to institute removal proceedings and disagreeing that *De Jongh* "addresses the specific circumstance of a court unilaterally allowing the substitution of a diverse defendant in place of a non-diverse one.") (quoting *Richard v. USAA Cas. Ins. Co.*, No. 17-175, 2017 WL 8944429 (M.D. La. Nov. 30, 2017)). The *Griffin* court went on to hold that "under § 1441(a) and *De Jongh*, the analysis stops when a court has determined the removing party is not a defendant; if it is not, it cannot remove even if its citizenship is not being used to manufacture diversity." *Id*. at *4. Significantly, the Motion to Remand in *Griffin* (which was filed within 30 days after the filing of the notice of removal) was premised on the argument that a non-party had improperly removed the action. The undersigned agrees that pursuant to 28 U.S.C. § 1441(a), only "the defendant or the defendants" have the right to remove but considers removal by a non-party to be a waivable procedural defect. Here, the notice of removal was filed more than thirty days ago, but the defect has not been timely raised, *see* 28 U.S.C. § 1447(c). Therefore, this Order is only concerned with the non-waivable issue of whether subject matter jurisdiction exists.

[11] *See* R. Doc. 1, ¶ IV (1) (alleging Plaintiff is a citizen of Louisiana, *and see* R. Doc. 1-1, introductory paragraph) and R. Doc. 1, ¶ IV (3) (alleging Axis is an Illinois corporation with its principal place of business in Georgia).

adequately alleged as to Mallard Crossings or LDG. Regarding Mallard Crossings, Paragraph IV (2) of the Notice of Removal states that:

> Defendant, Mallard Crossings, LP is a citizen of Kentucky, Delaware, and Massachusetts as its members and partners are each citizens of Kentucky, Delaware, and/or Massachusetts. Specifically, Defendant Mallard Crossing, LP's general partner is LDG-Mallard Crossings, LLC, **whose members are individuals who are citizens of Kentucky.** Defendant Mallard Crossing, LP's limited partner is Stratford Mallard Crossings Investors, LP. Upon information and belief, Stratford Mallard Crossings Investors, LP's general partner is SCG Capital Corp., an entity incorporated in Delaware with its principal place of business in Massachusetts, **with a foreign limited partner**.[12]

The citizenship of a limited partnership is determined by the citizenship of its members.[13] Per the above, the citizenship of Mallard Crossings' general partner, LDG-Mallard Crossings, LLC, is not properly pled because the underlying members, alleged to be "individuals who are citizens of Kentucky," are not distinctly identified.[14] In order to properly plead LDG-Mallard Crossings,

---

[12] R. Doc. 1, ¶ IV (2) (emphasis added).
[13] *See Bonvillain v. Louisiana Land & Expl. Co.*, 702 F. Supp. 2d 667, 686–87 (E.D. La. 2010), *aff'd,* 431 F. Appx. 319 (5th Cir. 2011) ("Where a limited partnership or limited liability corporation is made a party, its citizenship is determined by the citizenship of its members," citing *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077 (5th Cir. 2008).
[14] *Nunez v. ACE Am. Ins. Co.,* No. 17-1593-JJB-EWD, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), *report and recommendation adopted,* No. 17-1593-BAJ-EWD, 2018 WL 493398 (M.D. La. Jan. 16, 2018) ("Without setting forth each member of USAL Holdings, LLC distinctly, and alleging the citizenship of such member in accordance with the rules applicable to that particular member, the court is unable to determine whether federal subject matter jurisdiction exists. Though USAL previously argued it is not required to distinctly identify the members of USAL Holdings, LLC, the weight of authority on that issue is to the contrary. *See*, *Cavender*, 2011 WL 3664563, at * 1 & 3 (explaining that "simply because Delaware does not require limited liability companies to disclose their membership does not relieve plaintiff of its burden to properly allege diversity jurisdiction" and finding that "plaintiff has failed to affirmatively identify the LLC's, limited partnerships, and real estate investment trusts that comprise the membership of First States, or the members and citizenship of these undisclosed entities. Instead, plaintiff alleges that none of these members have a principal place of business in Tennessee, and that they are ultimately owned by a corporation."); *BNSF Logistics, LLC v. Energo, LLC*, No. 3:15-2694, 2015 WL 12731754, at *1 (N.D. Tex. Aug. 31, 2015) ("Because BNSF and Energo are alleged to be limited liability companies, BNSF must identify and properly allege the citizenship of all members of BNSF and Energo. Until BNSF identifies and alleges the citizenship of all of its members and of all members of Energo, this court is not shown to have subject matter jurisdiction.") (internal citations omitted); *Sourcing Management, Inc. v. Simclar, Inc.*, No. 14-2552, 2015 WL 2212344, at *3 (N.D. Tex. May 12, 2015) ("Plaintiff fails to allege the names or citizenship of Balmoral's members that are required as a matter of law to plead the citizenship of a limited liability company."). *See also Gabler v. HA Housing, LP*, No. 12-02671, 2012 WL 4856734, at 2 (D. Colo. Oct. 12, 2012) ("By failing to specifically identify the citizenship and name of each of its members and those of Kier, defendant fails to establish complete diversity."). *See also Advocate Fin., L.L.C. v. Maher,* No. 10-24, 2010 WL 2522636, at *2 (M.D. La. June 15, 2010) (Plaintiff must identify each member of the defendant

LLC's citizenship, each of its individual members must be identified and their respective citizenships affirmatively alleged.

The citizenship of Mallard Crossings' limited partner, Stratford Mallard Crossings Investors, LP, ("Stratford"), which is also a limited partnership, is properly pled to the extent it identifies Stratford's general partner, SCG Capital Corp, a corporation, and that entity's Delaware and Massachusetts citizenship. The pleading is deficient, however, with respect to the limited partner of Stratford, which is only identified as "a foreign limited partner." As pled, the Court cannot determine if complete diversity exists on the basis of the limited description of "foreign." Accordingly, Mallard Crossings must properly identify (1) Stratford's limited partner and whether it is an individual, corporation, limited liability company, etc., and (2) the citizenship of the limited partner.

Regarding LDG, the citizenship of a limited liability company is determined by that of its members.[15] To properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company.[16]

*Amount in Controversy*

Proper information regarding the amount in controversy is also necessary to establish the Court's diversity jurisdiction. It is not clear from the Notice of Removal or the Petition whether Plaintiff's claims likely exceed $75,000, exclusive of interests and costs, as required by 28 U.S.C.

---

law firm limited liability company and allege their individual citizenships, *citing Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008)).

[15] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

[16] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

§ 1332. Plaintiff's Petition alleges that she was exposed to "a tripping hazard," which caused her "injuries" and for which she seeks "general damages including physical injury and accompanying pain and suffering and mental pain and anguish, including worry, upset and loss of enjoyment of life," "special damages including medical bills, loss of income and/or earnings capacity, and the loss of ability to provide services for herself," and any other reasonable damages.[17] However, pleading only general injuries and general categories of damages is insufficient to establish that the federal jurisdictional minimum is reached.[18] "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test."[19] Mallard Crossings has not offered a description of any injuries suffered by Plaintiff, an indication of whether such injuries are permanent, the amount of medical expenses incurred, Plaintiff's prognosis and recommended future treatment, including whether surgery is recommended, or whether Plaintiff is working/can work.

Mallard Crossings relies on Plaintiff's "refusal" to execute a proffered binding stipulation, as an "indicat[ion] that she intends to seek damages in excess of $75,000."[20] However, a plaintiff's refusal to execute a stipulation is only one factor to be considered and is not determinative of the

---

[17] R. Doc. 1, ¶¶ 4, 6-8, and prayer for damages.
[18] *See Davis v. JK & T Wings, Inc.*, 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), and cases cited therein.
[19] *See Anderson v. Swift Transportation Company of Arizona, LLC*, No. 18-13, 2018 WL 3341822, at *3 (M.D. La. June 4, 2018) (*quoting Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (*citing Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal–Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)).
[20] R. Doc. 1, ¶ V and R. Doc. 1-3. It is not clear from the record whether Plaintiff actually refused to sign the proffered Binding Stipulation or whether Plaintiff did not respond to the proffer.

amount in controversy.[21] Likewise, Plaintiff's assertion in her Petition that her damages exceed $50,000, the amount required for a jury in state court, is one factor to be considered but is not determinative.[22] Finally, Mallard Crossings has not indicated whether Plaintiff has made any settlement demands in this case, or introduced any other evidence that would indicate that the amount in controversy requirement is met (*i.e.*, medical records, evidence of lost wages, discovery admissions, etc.).

As it is unclear from the Petition and the Notice of Removal whether there is complete diversity among the parties and whether the amount in controversy is satisfied, the Court *sua sponte* raises the issue of whether it may exercise diversity jurisdiction in this matter.[23]

Accordingly,

**IT IS ORDERED** that on or before **April 14, 2020,** Mallard Crossings, LP shall file a comprehensive Amended Notice of Removal, that contains all of its numbered allegations as revised, supplemented, and/or amended, without reference to any other document in the record, and that adequately alleges the citizenship of LDG Multi Family, LLC d/b/a Mallard Crossing Apartments, and all of the members of Mallard Crossings LP as described in this Notice and Order.

---

[21] *See Johnson v. Petsmart, Inc.,* No. 16-3448, 2017 WL 360265, at *5 (E.D. La. Jan. 25, 2017) *and id.* at n. 83, ("See *Aldrich v. DBP Holding Corp.*, No. 13-5729, 2014 WL 2215707 (E.D. La. May 28, 2014) (plaintiff's failure to stipulate damages 'is not conclusive evidence that a claim exceeds $75,000'); *see also Carbajal v. Caskids Oil Operating Co.*, No. 05-5966, 2006 WL 1030392 (E.D. La. Apr. 18, 2006); *Buchana v. Wal-Mart Stores, Inc.*, No. 99-2783, 1999 WL 1044336 at *3 (E.D. La. Nov. 17, 1999) ('Although some courts have considered failure to stipulate in deciding whether to remand, courts in this district and others have found that factor alone does not satisfy a defendant's burden.').")

[22] R. Doc. 1-1, ¶ 9 *and see* La. C.C.P. art. 1732 *and Cummings v. Winn-Dixie Montgomery, LLC*, No. 15-195-SDD-RLB, 2015 WL 4772185, at *3 (M.D. La. Aug. 12, 2015), *citing Brown v. Richard,* No. 00-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000) (" 'jury demand for state court can be a factor in determining whether the amount in controversy requirement for federal jurisdiction is satisfied' but alone is not controlling to satisfy the jurisdictional requirement").

[23] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182, n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

**IT IS FURTHER ORDERED** that on or before **April 14, 2020,** Mallard Crossings, LP shall file a memorandum and supporting evidence concerning whether the amount in controversy requirement of 28 U.S.C. § 1332 is met.

**IT IS FURTHER ORDERED** that on or before **April 28, 2020,** Asahel Mullins shall file either: (1) a Notice stating that Plaintiff agrees that Mallard Crossings, LP has established the requirements of 28 U.S.C. § 1332 and an amended complaint that substitutes "Mallard Crossings, LP" for "LDG Multi Family LLC";[24] or (2) a Motion to Remand.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on March 31, 2020.

                                          **ERIN WILDER-DOOMES**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

[24] *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).